Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jorge Wuilson Romero, *on behalf of himself and others similarly situated,* | Civil Case No.: _____-cv-_____(___) |
| *Plaintiff,* | **COLLECTIVE ACTION** |
| -v- | **COMPLAINT** |
| Floris Construction, Inc. and Stamatis Kostikidis*, in his individual and professional capacity,* | |
| *Defendant.* | |

**NATURE OF THE ACTION**

1. Plaintiff, Jorge Wuilson Romero, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), on behalf of himself and others similarly situated, in order to remedy Defendants' wrongful withholding of Plaintiff's overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, as well as the supporting New York State Department of Labor Regulations for violations of overtime wages, and notice requirements. Finally, Plaintiff brings a claim under NYLL, Article 20-C § 740 for retaliatory personnel action by Defendants.

1

## SUMMARY

2. Plaintiff was employed by Defendants, Floris Construction, Inc. and Stamatis Kostikidis as a construction worker from April 2015 to May 2016.

3. During his employment, Plaintiff worked around Forty-eight (48) hours per week and was only being compensated a fixed amount of Eight Hundred Dollars ($800) per week in 2015 and a Thousand Dollars ($1,000) per week in 2016, regardless of the number of hours worked.

4. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

5. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

6. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of himself and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

7. In addition, Plaintiff experienced retaliatory action by Defendants immediately after he notified the police regarding Defendants' illegal practices.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also

has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

9. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10. Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES
(Plaintiff)

**Jorge Wuilson Romero**

11. Plaintiff Jorge Wuilson Romero is an adult individual residing in the state of New York, County of Queens.

12. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

13. Plaintiff worked for Defendants as a construction worker from April 2015 to May 2016.

14. Plaintiff's duties included, but were not limited to performing carpentry work and painting tasks.

15. Plaintiff regularly handled tools and materials that were imported from states outside New York.

3

16. Since starting work in April 2015, his schedule has been consistently around Forty-Eight (48) hours per week.

17. Plaintiff was compensated a fixed amount of Eight Hundred Dollars ($800) per week in 2015 and a Thousand Dollars ($1,000) per week in 2016, regardless of the number of hours worked.

18. Defendants repeatedly permitted Plaintiff to work Forty-Eight (48) hours per week, which is in excess of the standard forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times his regular rate of pay.

19. During that period, Plaintiff complained multiple times that he was not being paid properly but nothing was done by Defendants in response to such complaints.

20. Plaintiff was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

21. Plaintiff was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

22. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

23. Throughout the duration of his employment, Plaintiff did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

24. Plaintiff consented in writing to be a party to the FLSA claims in this action,

pursuant to 29 U.S.C. §216 (b).

25. On May 16, 2016, and while Plaintiff was working for Defendants, he was physically battered by another employee of the Defendants after he requested a face mask that was typically used in similar construction projects.

26. The battery against Plaintiff by this particular employee was reasonably foreseeable because he had previously exhibited violent behavior against other employees of Defendants.

27. As a direct result of the employee's battery on the job, Plaintiff was in a great amount of pain in his back, was bleeding and was in need of immediate and urgent medical attention.

28. Furthermore, the employee that battered the Plaintiff made life-threatening statements regarding future violence against the Plaintiff.

29. The battery and life-threatening statements were made in the presence of other employees of Defendants, who as a result, feared for their health and safety.

30. The battery and life-threatening statements were made while both Plaintiff and the other employee were acting within the course and scope of their employment.

31. During the May 16, 2016 incident, Plaintiff made a substantial effort to contact Defendant Kostikidis, as well as his supervisor, but was not able to reach them.

32. As a result of not being able to reach the Defendants, and fearing of further unlawful physical harm, he called 9-1-1, who promptly arrived to the scene and proceeded with assisting Plaintiff to get to a hospital in order to receive the urgent medical attention that he needed as a result of the battery.

33. The highly dangerous, abusive and life-threatening behavior of the company's

employee posed a substantial and specific danger not only to the other fifty (50) individual construction workers that were employed by the Defendants, but also to the other seventy (70) individual construction workers that were working in the same building at the same time, as well as to the general public that often happens to be in close vicinity of the working sites.

34. Plaintiff brought the matter to the attention of the Defendant Kostikidis and afforded him a reasonable opportunity to correct the situation by disciplining the employee at issue. However, Defendant Kostikidis retaliated against the Plaintiff by immediately discharging him for disclosing to the Police the above illegal activities of Defendants.

**(Corporate Defendant)**

**Floris Construction, Inc.**

35. Floris Construction, Inc. is a domestic business corporation formed on November 18, 2014, organized and existing under the laws of the State of New York.

36. Floris Construction, Inc. is a construction company located at 31-30 41st St, Astoria, NY 11103.

37. Floris Construction, Inc. employs more than 50 full-time construction workers.

38. Plaintiff has observed the company generate substantial profits averaging between Three Thousand ($3,000) and Five Thousand ($5,000) dollars per day.

39. At all relevant times, Floris Construction, Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

40. At all relevant times, Floris Construction, Inc. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

41. At all relevant times, Floris Construction, Inc. was "an enterprise engaged in

commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because it used materials and tools manufactured outside the state of New York and imported in New York.

42. Upon information and belief, at all relevant times, Floris Construction, Inc.'s annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**(Individual Defendants)**

**Stamatis Kostikidis**

43. Upon information and belief, at all relevant times, Stamatis Kostikidis, ("Kostikidis") was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, and/or agent of Corporate Defendant.

44. At all relevant times, Kostikidis and Floris Construction Inc. were joint employers of Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

45. At all relevant times throughout Plaintiff's employment, Kostikidis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

46. At all relevant times throughout Plaintiff's employment, Kostikidis was actively involved in the day-to-day operations of the Corporate Defendant.

47. At all relevant times throughout Plaintiff's employment, Kostikidis was a

"covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

48. Pursuant to 29 U.S.C. §§ 203, 207 and 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since August 1, 2013, and through the entry of judgment in this case (the "Collective Action Period") who worked as construction workers, carpenters and painters and other non-management employees (the "Collective Action Members").

49. A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay overtime premiums for work performed in excess of forty (40) hours each week.

50. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

51. The claims of Plaintiff stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Unpaid Overtime Wages**

52. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth

herein.

53. At all relevant times, Plaintiff and the Collective Action Members, were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

54. At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203(s)(1) and 206(a).

55. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

56. Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

57. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

58. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

59. Defendants have not made a good faith effort to comply with the FLSA with

respect to the compensation of the Plaintiff and the Collective Action Members.

60. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime wages

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

64. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

65. Defendants have failed to pay Plaintiff proper overtime to which he was entitled to at a wage rate of one and one-half times the employee's regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

66. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendant has willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor

Regulations.

67. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

68. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### THIRD CAUSE OF ACTION

**New York Labor Law– Failure to Provide Notice at the Time of Hiring**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have failed to provide Plaintiff, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

71. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

### FOURTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Wage Statements**

72. Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

73. Defendant has failed to provide Plaintiff with wage statements listing his rate of pay; the period covered; gross wages; deductions; net wages; overtime pay; and anything otherwise required by law, in violation of NYLL § 195(3).

74. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## FIFTH CAUSE OF ACTION

### New York Labor Law– Retaliatory Action by Employers

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. At all relevant times, Plaintiff was an employee of Defendants and Defendants were employers of Plaintiff within the meaning of NYLL , Article 20-C § 740.

77. Through the doctrine of respondeat superior, Defendants are vicariously liable for an employee's tortious acts when they are made during the course and scope of his employment.

78. In addition, Defendants may be held liable for negligent hiring, supervision and retention of an employee.

79. Following the battery incident experienced by Plaintiff on May 16, 2016, Plaintiff called the police and disclosed to them the Defendants' illegal behavior which constituted a substantial danger not only to the health and safety of Plaintiff, but to those other 120 construction workers present or in close vicinity.

80. When Defendants were informed about the battery incident, they did nothing to address the matter or discipline the Defendants' employee who committed the battery.

81. Instead Defendant Kostikidis retaliated against the Plaintiff by immediately discharging him for disclosing to the Police the above illegal activities of Defendants in violation of NYLL Article 20-C § 740(2)(a).

82. Due to Defendants' violations, Plaintiff is entitled to recover statutory damages from Defendants for lost wages, benefits and other remuneration and for reasonable costs, disbursements, and attorney's fees, pursuant to NYLL § 740(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and Article 20-C, §§ 740 *et seq*. and the supporting New York State Department of Labor Regulations;

C. Unpaid overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D. Unpaid overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

E. Compensation for lost wages, benefits and other remuneration arising out of Defendants' retaliatory action against Plaintiff pursuant to NYLL § 740(5)(d).

F. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

G. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

H. An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

I. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198, 663(1) and 740(5)(e);

N. Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
August 1, 2016

>Respectfully submitted,
>**PARDALIS & NOHAVICKA, LLP**
>
>By:    /s/Ariadne Panagopoulou
>Ariadne Panagopoulou (AP-2202)
>*Attorneys for the Plaintiff*
>35-10 Broadway, Suite 201
>Astoria, New York 11106
>Tel: 718.777.0400 | Fax: 718.777.0599
>Email: ari@pnlawyers.com