**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jorge Wuilson Romero, *on behalf of himself and others similarly situated,*<br><br>                           *Plaintiff,*<br><br>        -v-<br><br>Floris Construction, Inc. and Stamatis Kostikidis, *in his individual and professional capacity,*<br><br>                           *Defendants.* | Civ. Case No. 1:16-cv-04282-PLC-RLM<br><br>**DECLARATION OF ARIADNE PANAGOPOULOU, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

I, Ariadne Panagopoulou, declare under the penalty of perjury pursuant to 28 U.S.C. §1746, that:

1.    I am an Associate at the law firm of Pardalis & Nohavicka, LLP, attorneys for Plaintiff Jorge Wuilson Romero ("Plaintiff"), and as such am fully familiar with the facts and circumstances surrounding this action pursuant to personal knowledge together with a review of the files maintained by this office in the regular course of business.

2.    I submit this affirmation in support of Plaintiff's application for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the United States District Courts for the Eastern District of New York against Defendants FLORIS CONSTRUCTION, INC. and STAMATIS KOSTIKIDIS ("Defaulting Defendants").

3.    Plaintiff files this lawsuit for unpaid overtime compensation, notice and record-keeping requirements, retaliatory personnel action, and attorneys' fees under the Fair Labor Standards Act and the New York Labor Law.

**Procedural History**

4.     Plaintiff commenced this action by filing the Complaint on August 1, 2016 against FLORIS CONSTRUCTION, INC. and STAMATIS KOSTIKIDIS (collectively "Defendants"). A true and accurate copy of the Complaint is attached hereto as **Exhibit A**.

5.     This is an action for unpaid overtime compensation, notice and record-keeping requirements, retaliatory personnel action, and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. 201 et seq., the "FLSA"), the New York Labor Law ("NYLL"), and the associated rules and regulations. *See* **Exhibit A**.

6.     This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 29 U.S.C §§201 *et seq.* (Fair Labor Standards Act) and 28 U.S.C. §1331. Additionally, this Court has supplemental jurisdiction over the Plaintiff's state law claim under 29 U.S.C. §1367.

7.     The Court issued summons for the Defendants on August 3, 2016. The summons and complaint was served on Defendant Floris Construction, Inc. by serving Nancy Dougherty, an Authorized Agent in the Office of the Secretary of State, of the State of New York personally on August 17, 2016; on Defendant Stamatis Kostikidis by serving personally on him at his residence on August 17, 2016. A true and accurate copy of the affidavits of service for Defendants Floris Construction, Inc. and Stamatis Kostikidis ("Defaulting Defendants"), are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

8.     The Defaulting Defendants did not answer or otherwise respond to the Complaint.

9.     Plaintiffs filed for and received from the Clerk of the Court, a signed and stamped Clerk's Certificate of Default, stating that the Defaulting Defendants, Floris Construction, Inc. and Stamatis Kostikidis, were properly served and failed to answer/appear. A

true and accurate copy of the Clerk's Certificate of Default dated December 27, 2016 is annexed hereto as **Exhibit D**.

### Statement of Facts Supporting Entry of Judgment

10. Plaintiff worked for Defendants as a construction worker from April 2015 to May 2016.

11. Plaintiff's duties included, but were not limited to performing carpentry work and painting tasks.

12. Plaintiff regularly handled tools and materials that were imported from states outside New York.

13. Since starting work in April 2015, his schedule has been consistently around Forty-Eight (48) hours per week.

14. Plaintiff was compensated a fixed amount of Eight Hundred Dollars ($800) per week in 2015 and a Thousand Dollars ($1,000) per week in 2016, regardless of the number of hours worked.

15. Plaintiff was consistently made to work Forty-Eight (48) hours per week without paying him the appropriate premium overtime pay of one and one half times his regular rate of payfor hours worked over forty (40) hours.

16. During that period, Plaintiff complained multiple times that he was not being paid properly but nothing was done by Defendants in response to such complaints.

17. Plaintiff was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

18. Plaintiff was not provided with a notice containing the rate and basis of his pay;

3

the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

19. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

20. Throughout the duration of his employment, Plaintiff did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

21. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216 (b).

22. On May 16, 2016, and while Plaintiff was working for Defendants, he was physically battered by another employee of the Defendants after he requested a face mask that was typically used in similar construction projects.

23. The battery against Plaintiff by this particular employee was reasonably foreseeable because he had previously exhibited violent behavior against other employees of Defendants.

24. As a direct result of the employee's battery on the job, Plaintiff was in a great amount of pain in his back, was bleeding and was in need of immediate and urgent medical attention.

25. Furthermore, the employee that battered the Plaintiff made life-threatening statements regarding future violence against the Plaintiff.

26. The battery and life-threatening statements were made in the presence of other employees of Defendants, who as a result, feared for their health and safety.

27. The battery and life-threatening statements were made while both Plaintiff and the other employee were acting within the course and scope of their employment.

28. During the May 16, 2016 incident, Plaintiff made a substantial effort to contact Defendant Kostikidis, as well as his supervisor, but was not able to reach them.

29. As a result of not being able to reach the Defendants, and fearing of further unlawful physical harm, he called 9-1-1, who promptly arrived to the scene and proceeded with assisting Plaintiff to get to a hospital in order to receive the urgent medical attention that he needed as a result of the battery.

30. The highly dangerous, abusive and life-threatening behavior of the company's employee posed a substantial and specific danger not only to the other fifty (50) individual construction workers that were employed by the Defendants, but also to the other seventy (70) individual construction workers that were working in the same building at the same time, as well as to the general public that often happens to be in close vicinity of the working sites.

31. Plaintiff brought the matter to the attention of Defendant Kostikidis and afforded him a reasonable opportunity to correct the situation by disciplining the employee at issue. However, Defendant Kostikidis retaliated against the Plaintiff by immediately discharging him for disclosing to the Police the above illegal activities of Defendants.

32. For the reasons stated above, and in the accompanying declaration and exhibits, the Plaintiff's motion for default judgment should be granted.

33. The Plaintiff reserves the right to make an application for attorney's fees following the outcome of this action.

Dated: Astoria, New York
      March 24, 2017

                                      **PARDALIS & NOHAVICKA LLP**

                     By:     /s/Ariadne Panagopoulou
                              Ariadne Panagopoulou (AP-2202)
                              *Attorneys for the Plaintiff*
                              Pardalis & Nohavicka, LLP
                              3510 Broadway, Suite 201
                              Astoria, NY 11106
                              Telephone: (718) 777-0400
                              Facsimile: (718) 777-0599