**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jorge Wuilson Romero, *on behalf of himself and others similarly situated,* | ) ) ) |
| *Plaintiff,* | ) |
| -v- | ) ) |
| Floris Construction, Inc. and Stamatis Kostikidis, *in his individual and professional capacity,* | ) ) ) ) |
| *Defendants.* | ) ) |

Civ. Case No. 1:16-cv-04282-PLC-RLM

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

_____

Of Counsel:
Ariadne Panagopoulou (AP 2202)
Joseph D. Nohavicka (JN 2758)
Anastasi Pardalis (AP 1225)

PARDALIS & NOHAVICKA, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Tel: 718.777.0400
*Attorneys for the Plaintiff*

1

## **TABLE OF CONTENTS**

1.    PRELIMINARY STATEMENT                                                    7

2.    PROCEDURAL HISTORY AND FACTS                                            7

3.    LEGAL ARGUMENT                                                          8

    I. Plaintiffs are entitled to Judgment by Defendants Floris Construction,
       Inc. and Stamatis Kostikidis........................................................  8

    A. Defaulting Defendants were properly served.............................  8

    B. Factors applicable to a motion for default judgment..................  9

    C. Court should accept evidence via declarations of the Plaintiffs................  10

    D. Plaintiff is a covered non-exempt employee..............................  11

    E. Defaulting Defendants are Plaintiff's covered employers and are joint
       employers of the Plaintiffs under the FLSA....................................  12

    II. Plaintiff is entitled to Damages and Attorneys' Fees and Costs............  13

    A. Burden of Proof.......................................................................  13

    B. Three-year Limitation under the FLSA......................................  13

    C. Back Pay and Front Pay.............................................................  14

    D. Liquidated Damages................................................................  16

    E. NYLL Penalties......................................................................  17

    F. Pre-judgment interest...............................................................  17

    G. Attorneys' Fees and Costs........................................................  19

4.    CONCLUSION                                                              19

# **TABLE OF AUTHORITIES**

**Cases**

*Ahmed v. Subzi Mandi, Inc*.
  2014 U.S. Dist. LEXIS 115228 (E.D.N.Y. May 27, 2014)...........................   10

*Alvarez v. 215 N. Ave. Corp*.,
  2015 U.S. Dist. LEXIS 61749  (S.D.N.Y. Jan. 22, 2015)..............................   18

*Ansoumana v. Grtistede's Operating Corp.,*
  255 F. Supp.2d 184, 189 (S.D.N.Y. 2003)........................................................   12

*Barfield v. N.Y. City Health & Hosps. Corp.,*
  537 F.3d 132 (2d Cir. 2008)............................................................................   17

*Begum v. Ariba Disc., Inc*.,
  2015 U.S. Dist. LEXIS 5598 (S.D.N.Y. Jan. 16, 2015)................................   18

*Bermudez v. Reid,*
  733 F.2d 18, 21 (2d Cir.1984)........................................................................   8

*Bonnette v. California Health and Welfare Agency,*
  704 F.2d 1465, 1470 (9 Cir. 1983)................................................................   12

*Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,*
  2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008).......................................   9

*Carter v. Dutchess Cmty. Coll*.
  735 F.2d 8, 12 (2nd Cir. 1984)........................................................................   12

*Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc,*
  699 F.3d 230, 234 (2d Cir. 2012)....................................................................   10

*Copantitla v. Fiskardo Estiatorio, Inc*.,
  788 F. Supp. 2d 253, 316 (S.D.N.Y. 2011).....................................................   17

*Falk v. Brennan,*
  414 U.S. 190, 195 (1973)..................................................................................   12

*Fermin v. Las Delicias Peruanas Restaurant, Inc, et al*
  93 F.Supp.3d 19 (E.D.N.Y. 2015)............................................................   8, 9, 17, 18

*First Mercury Ins. Co. v. Schnabel Roofing of Long Island, Inc.,*

3

2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011)...................................... 9

Flanagan v. N. Star Concrete Constr., Inc.,
    2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014)........................................ 9

Godlewska v. Human Dev. Assoc., Inc.,
    2006 U.S. Dist. LEXIS 30519...................................................................... 14

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,
    973 F.2d 155, 158 (2d Cir.1992), cert. denied, 506 U.S. 1080, 113 S.Ct.
    1049, 122 L.Ed.2d 357 (1993)......................................................................... 10

Hardrick v. Airway Freights Systems, Inc.,
    63 F. Supp. 2d 898, 904 (N.D. III. 1999)....................................................... 13

Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,
    2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007....................................... 10

Joseph v. HDMJ Rest., Inc.,
    970 F.Supp.2d 131, 148 (E.D.N.Y.2013)........................................................ 9

Kernes v. Global Structures, LL,
    2016 U.S. Dist. LEXIS 17262 (S.D.N.Y. Feb. 9, 2016)............................... 11, 17

Ling Nan Zheng v. Liberty Apparel Co.,
    556 F. Supp. 2d 284 (S.D.N.Y. 2008)............................................................. 12

McLaughlin v. Richland Shoe Co.,
    486 U.S. 128, 133 (1988)................................................................................ 13

Mejia v. East Manor USA Inc.,
    2013 U.S. Dist. LEXIS 70966 (E.D.N.Y. Apr. 19, 2013).............................. 18

Najnin v. Dollar Mt., Inc.,
    2015 U.S. Dist. LEXIS 141811 (S.D.N.Y. Sept. 25, 2015)........................... 18

Rodriguez v. Almighty Cleaning, Inc.,
    784 F. Supp. 2d 114(E.D.N.Y. 2011)............................................................. 11, 13

SEC v. Anticevic,
    No. 05 Civ. 6991(KMW), 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30,
    2009).............................................................................................................. 8

Sines v. Serv. Corp. Int'l,
    No. 03 CIV. 5465 (SC), 2006 WL 3247663, at *4 (S.D.N.Y. Nov. 8,
    2006).............................................................................................................. 15

4

*Swarna v. Al–Awadi,*
    622 F.3d 123, 142 (2d Cir.2010)........................................................... 9

*Tamarin v. Adam Caterers, Inc.,*
    13 F.3d 51, 54 (2d Cir. 1993)............................................................... 10

*Ting Yao Lin v. Hayashi Ya II, Inc.,*
    08–CV–6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009)................. 10, 13

*Transatlantic Marine Claims Agency v. Ace Shipping Corp.*
    109 F.3d 105, 111 (2d Cir.1997)......................................................... 10

**<u>Statutes</u>**

12 NYCRR §146-1.4............................................................... 11, 14

29 C.F.R. § 790.21............................................................... 16

29 U.S.C. § 203(a)............................................................... 12

29 U.S.C. § 206(a)............................................................... 11

29 U.S.C. § 207............................................................... 11, 16

29 U.S.C. § 207(a)............................................................... 11

29 U.S.C. § 209............................................................... 14

29 U.S.C. § 215(3)............................................................... 15

29 U.S.C. § 216(b)............................................................... 16, 19

29 U.S.C. § 225(a)............................................................... 13

29 U.S.C. § 260............................................................... 16

F.R.C.P. Rule 55............................................................... 10

F.R.C.P. Rule 4............................................................... 8

NY CPLR §5001............................................................... 18

NY CPLR §5001(b)........................................................................ 18

NY CPLR §5004............................................................................ 18

NYLL § 195(1)............................................................................. 13, 17

NYLL § 195(3)............................................................................. 13, 17

NYLL § 198(1-a).......................................................................... 16

NYLL § 198(1-b).......................................................................... 17

NYLL § 198(1-d).......................................................................... 17

NYLL § 215(1)............................................................................. 15

NYLL § 215(2)(a)......................................................................... 15

NYLL § 740(2)............................................................................. 15

## PRELIMINARY STATEMENT

Plaintiff Jorge Wuilson Romero ("Romero") (hereinafter "Plaintiff") submits this Memorandum of Law in Support of Plaintiff's Motion for Default Judgment. Plaintiff worked as a construction worker, carpenter, and painter for the Defendants Floris Construction, Inc. and Stamatis Kostikidis (collectively "Defendants") (Comp. ¶¶2, 13; Romero Declaration ¶5). Plaintiff worked for the Defendants for a period ranging from April 2015 to May 2016. (Comp. ¶¶2, 13; Romero Declaration ¶3). Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") alleging unpaid overtime wages, failure to keep accurate records, and a claim for prohibited retaliation. Plaintiff also asserts supplemental jurisdiction over his state law claims; namely, violations of unpaid overtime wages, failure to provide wage statements, failure to provide notice at the time of hiring, and a claim for prohibited retaliation, under New York Labor Law ("NYLL") and the supporting regulations. Plaintiff moves for default against Defendants Floris Construction, Inc. and Stamatis Kostikidis (collectively "Defaulting Defendants") for their failure to failure to respond to the Plaintiff's complaint subsequent to being properly served, and receiving sufficient notice and opportunity to respond.

As such, Plaintiff is entitled to a motion for default judgment against Defendants Floris Construction, Inc. and Stamatis Kostikidis.

## PROCEDURAL HISTORY AND FACTS

The Procedural History and Pertinent Facts are incorporated as if fully set forth herein from the affirmation of Ariadne Panagopoulou and the declarations of Plaintiff Jorge Wuilson Romero in support of Plaintiff's motion for default judgment.

**ARGUMENT**

**I.** **Plaintiff is entitled to Judgment by Default against Defendants Floris Construction, Inc. and Stamatis Kostikidis.**

A. Defaulting Defendants were properly served

Defendants Floris Construction, Inc. and Stamatis Kostikidis were properly served. *See* Exhibit B and Exhibit C, respectively. However, they failed to file an answer or otherwise respond to the Plaintiff's Complaint. It is well settled law that a default judgment is "ordinarily justified where a defendant fails to respond to the complaint." *See Fermin v. Las Delicias Peruanas Restaurant, Inc, et al,* 93 F.Supp.3d 19 (citing *SEC v. Anticevic,* No. 05 Civ. 6991(KMW), 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009) (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir.1984)). In such situations, the Courts consider whether Defendants had notice of the action and an opportunity to defend against the allegations. Therefore, to ensure that the Defendants had an opportunity to defend against the action, the Courts may look to see whether the Defendants were properly served. *See Fermin.*

The Defendants were properly served under Rule 4 of the Federal Rules of Civil Procedure stating that service is proper if the state law rules are followed for serving summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See* FRCP Rule 4. The summons and complaint were served on Defendant Floris Construction, Inc. by serving Nancy Dougherty, an Authorized Agent in the Office of the Secretary of State, of the State of New York personally on August 17, 2016, and on Defendant Stamatis Kostikidis by serving personally on him at his residence on August 17, 2016. Therefore, all Defaulting Defendants were served properly as per the New York Civil

Procedure Law and Rules (NY CPLR) and have failed to respond to the Plaintiff's complaint till date entitling the Plaintiff to a default judgment against them.

<u>B. Factors applicable to a motion for default judgment</u>

To ascertain whether to grant a default judgment, a Court must be guided by the same factors that apply to a motion to set aside entry of a default. *See First Mercury Ins. Co. v. Schnabel Roofing of Long Island, Inc.*, 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011). Firstly, the Courts must consider whether the default was willful. *See Fermin* citing *Swarna v. Al–Awadi,* 622 F.3d 123, 142 (2d Cir.2010). Failure of the Defendants to respond to the complaint successfully establishes willfulness as has happened in the instant action. *See Fermin*. Secondly, the Courts consider whether ignoring default would prejudice the opposing party. *See Fermin* citing *Swarna.* The Plaintiff's efforts in prosecuting his claim and the Defendants' failure to respond to the complaint are sufficient to show that ignoring the default would prejudice the Plaintiff. This is more so because there are no further steps to be taken to obtain relief from the Court. *See Flanagan v. N. Star Concrete Constr., Inc.*, 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014) (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)). Thirdly, the Court considers whether meritorious defense has been established by the Defendants. *See Fermin* citing *Swarna.* Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a default judgment. *See Joseph v. HDMJ Rest., Inc.*, 970 F.Supp.2d 131, 148 (E.D.N.Y.2013). Once all factors are satisfied, an issuance of default judgment was considered proper by the Court. *See Fermin.*

All well-pleaded factual allegations in a complaint are considered as an admission in case of a default. Further, the allegations pertaining to liability are deemed true. *See Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,* 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993)). In such a situation, the Plaintiff is required to adequately plead the requirements of liability under FLSA and the NYLL. *See Ahmed v. Subzi Mandi, Inc.,* 2014 U.S. Dist. LEXIS 115228 (E.D.N.Y. May 27, 2014). The Courts may rely on detailed affidavits or documentary evidence, in addition the complaint for determining whether a claim for default judgment is sufficiently established. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.1997). The Plaintiff's Complaint (*See* Exhibit A) as well as the attached Declarations contain detailed allegations against the Defendants thereby establishing the liability of the Defaulting Defendants and the damage owed to the Plaintiff.

<u>C. Court Should Accept Evidence Via Declarations of the Plaintiff</u>

Courts may not be required to conduct a hearing where there is a foundation for the damages laid out in the default judgment. Rule 55 of the Federal Rules of Civil Procedure (FRCP) allows the Court to conduct hearings to determine damages, however, such a meeting is not mandatory. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.* 699 F.3d 230, 234 (2d Cir. 2012). District judges have discretion in determining whether it is "necessary and proper" to hold an inquest on damages. *See Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993).

Courts have held that "in an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Ting Yao Lin*

*v. Hayashi Ya II, Inc.,* 08–CV–6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009). Courts have usually calculated damages owed based on representations made by the Plaintiffs in their affidavits, declaration of Plaintiffs' counsel, and the supporting documents attached to those declarations. *See Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114(E.D.N.Y. 2011). Therefore, the Plaintiff's Complaint and his Declaration obviate the need for a hearing on damages.

<u>D. Plaintiff is a covered non-exempt employee</u>

In order to make a *prima facie* showing of a violation under the overtime provisions of the FLSA, Plaintiff must adequately allege that he was an employee covered under the FLSA. For an individual to qualify as an "employee" under the FLSA, he must be in any workweek engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C.S. §§ 206(a) and 207(a). *See also Guallpa v. NY Pro Signs Inc*., 2014 U.S. Dist. LEXIS 77033. Plaintiff was employed by the Defendants as a construction worker, carpenter, and painter (Comp. ¶¶2, 13; Romero Declaration ¶5) and is a non-exempt employee. *See, Kernes v. Global Structers, LLC*, 2016 WL 880199 (S.D.N.Y. Feb. 9, 2016). Further, employers must pay non-exempt employees at a wage rate of one and one half (1.5) times the employee's regular rate of hours worked in excess of forty hours in a work week. 29 U.S.C. §207; 12 NYCRR §146-1.4. Throughout the period of his employment, Plaintiff was paid Eight Hundred Dollars per week in 2015 and One Thousand Dollars per week in 2016 irrespective of the number of hours he worked. (Comp. ¶¶3, 17; Romero Declaration ¶13). Plaintiff consistently worked for more than Forty-eight (48) hours per week (Comp. ¶¶3, 16, 18; Romero Declaration ¶12). As such, Plaintiff has demonstrated that he is a covered employee under the FLSA and NYLL.

1
2

E. Defaulting Defendants are Plaintiff's covered employers and are joint employers of the

Plaintiff under the FLSA

3
4

Pursuant to 29 U.S.C. §203(a), an "employer" is "any person acting directly or indirectly

5
6

in the interest of an employer in relation to an employee". The definition of an employer under

7

the FLSA is expansive. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973). The definition is written

8

in the broadest terms possible so that the wage provisions have the "widest possible impact in

9

the national economy". *See Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2nd Cir. 1984). The

10

Courts apply the "economic reality" test to examine whether a party was an employer. *See*

11

*Ansoumana v. Grtistede's Operating Corp*. 255 F. Supp.2d 184, 189 (S.D.N.Y. 2003). In the

12

instant action, the economic reality test is satisfied since the Defaulting Defendants had the (1)

13

power to hire and fire the plaintiff, (2) supervised and controlled plaintiffs' work schedules or

14

conditions of employment, (3) determined the rate and method of payment, and (4) maintained

15
16

employment records. *See Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2nd Cir. 1984)

17

*quoting Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1470 (9 Cir. 1983).

18

(*See also* Comp. ¶45; Romero Declaration ¶¶16, 19). Additionally, under joint employer

19
20

doctrine, an employee employed by one individual or entity can be found to be constructively

21

employed by another individual or entity. An entity or an individual can be a "joint employer

22

under the FLSA even when it does not hire and fire its joint employees, directly dictate their

23

hours, or pay them". *See Ling Nan Zheng v. Liberty Apparel Co*., 556 F. Supp. 2d 284

24

(S.D.N.Y. 2008). The Plaintiff worked for the Defendants and hence the Defendants were direct

25

and joint employers of the Plaintiffs.

26
27
28

**II.  Plaintiff is entitled to Damages and Attorneys' Fees and  Costs**

A. Burden of Proof

Courts have held that "in an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *See Ting Yao Lin v. Hayashi Ya II, Inc.,* 08–CV–6071, 2009 WL 289653, at \*3 (S.D.N.Y. Jan. 30, 2009). Courts have usually calculated damages owed based on representations made by the Plaintiffs in their affidavits, declaration of Plaintiffs' counsel, and the supporting documents attached to those declarations. *See Rodriguez*. Plaintiff's Complaint and his Declaration obviate the need for a hearing on damages.

B. Three-year Limitation under the FLSA

The FLSA permits an increase in the limitation period from two to three years in the instance where the violations of the employer are willful. 29 U.S.C. §225(a). Willfulness under the FLSA means that an employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In the instant action, Defendants were aware or ought to have been aware of the provisions of the FLSA and the requirements under the statute. The actions would be considered as willful even if the Defendants were unaware of their violations since they failed to investigate the legality of their compensation policy. *Hardrick v. Airway Freights Systems, Inc.* 63 F. Supp. 2d 898, 904 (N.D. III. 1999).

Further, the Defendant failed to post notices required information concerning the minimum wage laws and further failed to provide the Plaintiff wage notices and wage statements pursuant to NYLL 195(1) and NYLL 195(3) respectively.  (Comp. ¶¶21, 22, and 60; Romero Declaration ¶¶17, 20). Defendants deliberately disregarded the FLSA and NYLL and

further failed to take any affirmative steps towards compliance with the law. This conduct of the Defendants amounts to willfulness for the purposes of the FLSA as well as NYLL, thereby entitling the Plaintiff to a three year limitation period under the FLSA beginning August 1, 2013 which is three (3) years prior to the date of the filing of the complaint. Further, NYLL allows a statutory limitation of six (6) years from the date of the filing of the complaint irrespective of whether there was willfulness in the conduct of the Defendant. The NYLL and FLSA causes of action accrue in the same way. *See Godlewska v. Human Dev. Assoc., Inc.* 2006 U.S. Dist. LEXIS 30519 at *12. Therefore, the pay under the NYLL ought to be calculated from August 1, 2010, which is six (6) years prior to the date of the filing of the complaint.

## C. Back Pay and Front Pay

The FLSA entitles the Plaintiff to minimum wage of at least $7.25 per hour and an overtime pay equal to one-and-one-half times their regular rate of pay for each hour worked over forty (40) hours in one workweek. 29 U.S.C. §209 Therefore, the overtime rate for the Plaintiffs should be per hour an amounting equal to at least $10.88 Dollars, being the product of 7.25 and 1.5. During the period of employment of the Plaintiffs, the minimum wage under the NYLL was ranging from $8.75 until December 30, 2015, and $9 up to the end of the period of employment of the Plaintiff. The NYLL also allows an overtime rate of one-and-one-half times of the regular rate of pay for each of the hours worked by the Plaintiffs in excess of forty (40) hours per week. 12 N.Y.C.R.R. 146-1.4. Throughout the period of his employment, Plaintiff was paid Eight Hundred Dollars per week in 2015 and One Thousand Dollars per week in 2016 irrespective of the number of hours he worked. (Comp. ¶¶3, 17; Romero Declaration ¶13). Therefore, he is entitled to an overtime rate equal to one-and-one-half times his regular rate of

pay at a minimum equal to one-and-one-half times the applicable minimum wage for the time period worked.

Plaintiff formally complained to the Defendant Stamatis Kostikidis regarding the unlawful employment practices. (Comp. ¶19; Romero Declaration ¶15). Defaulting Defendants retaliated against Plaintiff in violation of 29 U.S.C. §215(3) and NYLL § 215(1). New York Labor Law § 740(2) prohibits an employer from "tak[ing] any retaliatory personnel action against an employee because such employee…discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety." *Harisch v. Goldberg*, 2016 WL 1181711, at *10 (S.D.N.Y. Mar. 25, 2016). NYLL §215(2)(a) allows a Plaintiff to recover front pay in lieu of reinstatement, lost compensation, costs and reasonable attorneys' fee as well as liquidated damages, amounting to a total maximum of $20,000. *See* NYLL §215 (2)(a). Under both the FLSA and NYLL an employee is entitled to lost compensation, front pay in lieu of reinstatement, punitive damages and damages for emotional distress if found to have been retaliated against by an employer. *See* e.g. *Sines v. Serv. Corp. Int'l*, No. 03 CIV. 5465 (SC), 2006 WL 3247663, at *4 (S.D.N.Y. Nov. 8, 2006)(Plaintiff awarded a total of $195,020.50 for damages due to retaliation).

In the instant action, Plaintiff was battered by a fellow employee during the course of his employment. (Comp. ¶¶25, 28; Romero Declaration ¶¶12-23). The employee that battered Plaintiff had made previous threats against Plaintiff and his life. (Comp. ¶¶28-30, and 33; Romero Declaration ¶24). Fearing for his life, Plaintiff called the police to come to the site wherein the battery took place in order to bring order to the chaotic scene. (Comp. ¶79; Romero Declaration ¶¶26-27). Subsequently, rather than disciplining the violent employee, Defendant

Kostikidis retaliated against Plaintiff by terminating his employment with Floris on the grounds that Plaintiff disclosed the above illegal activity that occurred on the premises to the police. (Comp. ¶¶7, 34; Romero Declaration ¶28).

Therefore, Plaintiff is entitled to an amount of Sixty Three Thousand One Hundred Twenty Four and 71/100 Dollars ($63,127.71) which amount includes unpaid overtime; liquidated damages; pre-judgment interest; damages pursuant to NYLL§§ 195(1) and 195(3); and civil penalties pursuant to FLSA §216(2). See Exhibit D for Plaintiff's damage calculations.

### D. Liquidated Damages

29 U.S.C. §216(b) provides that "any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages". *See* 29 U.S.C. §216(b) and 29 C.F.R. §790.21. In the instance that the employer can demonstrate that his actions or omissions were made in good faith and employer had reasonable grounds to believe that the actions or omissions were not in violation of the FLSA, the court may, at its discretion, make no award for liquidated damages. *See* 29 U.S.C. §260. Further, NYLL §198(1-a) provides liquidated damages not to exceed 100% of the unpaid wages, "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law". *See* NYLL §198(1-a). However, the uncontroverted evidence of the Defendants' lack of good faith entitles the Plaintiff to liquidated damages under the FLSA and NYLL. *See* 29 U.S.C. §216(b) and NYLL §198(1-a).

Courts in the second circuit are split on the notion of cumulative recovery under the FLSA and NYLL. "The employer's burden is 'a difficult one,' and 'double damages are the norm

and single damages the exception.'" *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 316 (S.D.N.Y. 2011) (quoting & citing *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132) (2d Cir. 2008). Further, "liquidated damages under the FLSA are intended to be compensatory, whereas liquidated damages under the NYLL are intended to be punitive". *See Kernes v. Global Structures, LLC*, 2016 U.S. Dist. LEXIS 17262 (S.D.N.Y. Feb. 9, 2016) ("Court concludes, along with the majority of courts in this Circuit, that both may be awarded").

Thus, in the instant action, Plaintiff is entitled to liquidated damages under the FLSA and NYLL.

### E. NYLL Penalties

Plaintiff is entitled to recover $250 for each day that an employer does not provide (within ten business days of first day of employment) them a wage notice as per NYLL §195(1). *See* NYLL §198(1-b). This recovery is subject to a maximum of $5,000 together with costs and reasonable attorneys' fee. *Id.* Similarly, a plaintiff is entitled to $250 per day or a maximum of $5,000 for failing to provide its employees with wage statements as required under NYLL §195(3). *See* NYLL §198(1-d). Plaintiff was never provided any wage statements or wage notices pursuant to the NYLL. (Comp. ¶¶21, 22, and 60; Romero Declaration ¶¶17, 20). Therefore, Plaintiff is entitled to receive $10,000 for the failure of the Defaulting Defendants to provide the Plaintiff the wage notices and wage statements.

### F. Pre-judgment Interest

A Plaintiff recovering liquidated damages under the FLSA is not entitled to receive prejudgment interest on the FLSA damages. *See Kernes v. Global Structures, LLC*, 2016 U.S. Dist. LEXIS 17262 (S.D.N.Y. Feb. 9, 2016) giving example of *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015). However, a "plaintiff may recover

both NYLL liquidated damages and prejudgment interest, "even where liability is found not only under the NYLL but also under the FLSA."" *See Begum v. Ariba Disc., Inc*., 2015 U.S. Dist. LEXIS 5598 (S.D.N.Y. Jan. 16, 2015). It is allowed since the "New York State views liquidated damages as punitive, and not compensatory . . . pre-judgment interest is not a duplicative damages award." *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015). State law allows calculation of the prejudgment interest on the unpaid wages due under the NYLL. *See Mejia v. East Manor USA Inc.,* 2013 U.S. Dist. LEXIS 70966 (E.D.N.Y. Apr. 19, 2013). Pursuant to New York Civil Procedure Law and Rules §§5001-5004, a successful Plaintiff is entitled to receive prejudgment interest at the rate of nine percent (9%) per year. *See Najnin v. Dollar Mt., Inc.*, 2015 U.S. Dist. LEXIS 141811 (S.D.N.Y. Sept. 25, 2015); C.P.L.R. §§ 5001, 5004. The CPLR lays down two methods of calculating the prejudgment interest. *See* CPLR § 5001(b); *See also Alvarez v. 215 N. Ave. Corp*., 2015 U.S. Dist. LEXIS 61749 (S.D.N.Y. Jan. 22, 2015). First method allows the interest to be calculated from the "earliest ascertainable date the cause of action existed". *See* C.P.L.R. § 5001(b). Second method applies when the damages were incurred at various times and allows interest to be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date. *Id*. Court may apply its discretion to determine a reasonable date from which the award may be granted. *See Alvarez.*

In the instant action, the Plaintiff was suffering as a result of the Defendants' unlawful actions from the beginning of his period of employment. Thus, the earliest ascertainable date of incurring damages is available and hence the Court may provide the Plaintiff's prejudgment interest from the start date of employment of the Plaintiff.

G. Attorneys' Fees and Costs

Plaintiff reserves the right to make an application for attorneys' fees at the conclusion of this action. Pursuant to NYLL 198 and 29 USC 216(b), a prevailing Plaintiff is entitled to recover their attorney's fees and costs.

**CONCLUSION**

For the reasons stated above and in the accompanying exhibits, affirmation, and declaration in support of the Plaintiff's motion for default judgment against Defendants Floris Construction, Inc. and Stamatis Kostikidis, the Plaintiff's motion should be granted in its entirety.

Dated: Astoria, New York
       March 24, 2017

                                    **PARDALIS & NOHAVICKA LLP**

                              By:    /s/Ariadne Panagopoulou
                                    Ariadne Panagopoulou (AP-2202)
                                    *Attorneys for the Plaintiff*
                                    Pardalis & Nohavicka, LLP
                                    3510 Broadway, Suite 201
                                    Astoria, NY 11106
                                    Telephone: (718) 777-0400
                                    Facsimile: (718) 777-0599