UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JORGE WUILSON ROMERO, *on behalf of himself and others similarly situated*,

                        Plaintiff,

            - against -

FLORIS CONSTRUCTION, INC., AND
STAMATIS KOSTIKIDIS, *in their individual
and professional capacity*,

                       Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
1:16-CV-04282 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Jorge Wuilson Romero ("Plaintiff") brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), and New York Labor Law ("NYLL") Sections 195(1), 195(3), and 740(2). Plaintiff seeks unpaid overtime wages, FLSA and NYLL liquidated damages, damages for failure to provide written notice of rate of pay, prejudgment interest, and attorney's fees and costs. Defendants Floris Construction, Inc. ("Floris") and Stamatis Kostikidis ("Kostikidis") (collectively "Defendants") failed to appear or otherwise defend. After the Clerk of Court entered a default against Defendants (Dkt. 11), Plaintiff moved for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. 12.)

      For the reasons set forth herein, Plaintiff's motion for default judgment is GRANTED. Plaintiff is awarded $18,705.28 in damages, along with prejudgment interest, and may file a claim for attorney's fees and costs within fourteen (14) days of this order.

## BACKGROUND

      Plaintiff worked for Defendants as a construction worker from April 2015 to May 2016. (Dkt. 15 at ¶ 3.) His responsibilities included painting and carpentry. (Dkt. 15 at ¶¶ 5.) During his employment with Defendants, Plaintiff regularly worked 48 hours a week and was not

1

compensated for overtime work, despite complaining multiple times to Defendants about this issue. (*Id.* at ¶¶ 12-15.) Defendants compensated Plaintiff at a rate of $800 per week in 2015 and $1,000 per week in 2016. (*Id.* at ¶ 13.) Defendants did not provide Plaintiff at any time with wage statements detailing dates worked, money received, and the employer's details. (*Id.* at ¶ 17-18.) Defendants did not provide Plaintiff with notice containing the rate and basis of his pay, the designated pay date, and the employer's name, address, and telephone number at the time of hiring or thereafter. (*Id.*) Plaintiff's job duties did not include "supervisory authority" or "managerial duties", and he did not "exercise discretion over any matter." (*Id.* at ¶ 19.)

Defendant Floris is a construction company incorporated in New York, which employs more than 50 full-time construction workers, uses materials from outside New York State, and has an annual gross income of no less than $500,000.[1] (Compl. at ¶¶ 35-42; Dkt. 15 at ¶ 7.) At the time of Plaintiff's employment, Kostikidis was the owner of Floris. (Dkt. 15 at ¶ 4.) Kostikidis was actively involved in the daily operations of Floris and had discretionary power over personnel decisions, including firing employees, wage issuance, maintenance of employment schedules, and overseeing the work of all employees, including Plaintiff. (*Id.* at ¶¶ 8-11.)

On May 16, 2016, Plaintiff was physically battered by a co-worker after asking that the co-worker for a face mask. (*Id.* at ¶¶ 21-23.) The co-worker previously made numerous death threats to other Floris employees and made threatening statements against Plaintiff in the presence of other Floris employees. (*Id.* at ¶¶ 23-24.) After a failed attempt to contact Kostikidis during the incident,

---

[1] The Court believes that the "500.000" written in the complaint was mistyped and construes it to be "500,000" in accordance with the FLSA requirement. *See* 29 U.S.C. § 203(s)(1)(ii) (requiring that the defendant-employer be "an enterprise whose annual gross volume of sales made or business done is not less than $500,000"). Plaintiff's claim that Floris generated daily profits between $3,000 and $5,000 also supports this interpretation.

Plaintiff dialed 911, and the police arrived. (*Id.* at ¶¶ 26-27.) The next day, Kostikidis fired Plaintiff after learning that Plaintiff had disclosed the incident to the police. (*Id.* at ¶ 28.)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on August 1, 2016, on behalf of himself and others similarly situated, against Defendants. (Dkt. 1 ("Compl."), at ¶¶ 1, 48.)[2] Plaintiff alleged among other things, that 1) Defendants failed to pay him overtime pursuant to the FLSA; 2) Defendants failed to pay him overtime pursuant to NYLL; 3) Defendants failed to provide proper notice to him of information required by NYLL at the time of hiring or thereafter; 4) Defendants failed to provide him with wage statements throughout his employment, as required by NYLL; and 5) Defendants retaliated against him in violation of NYLL Section 740 by firing him for reporting unsafe work conditions to the police. (Compl. at ¶¶ 52-82.)[3] Plaintiff claims that Defendants' violations were willful. (*Id.* at ¶ 58.)

Service to Floris was satisfied by serving a summons on Nancy Dougherty, an authorized agent of Floris, on August 17, 2016. (Dkt. 6.) Kostikidis was served in two ways: first, the summons was affixed to his last known address on August 17, 2016; second, the summons was mailed via certified, first class mail, to his place of business on August 18, 2016. (Dkt. 7.) Both

---

[2] Although Plaintiff brought this action on behalf of himself and "others similarly situated" in order to create a collective action under the FLSA, Plaintiff is currently the only member of the collective action. Collective actions under the FLSA require putative class members to "opt in" to the case. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 351-52 (E.D.N.Y. 2008). Since no other employees offered their consent, the Court treats this case as one brought by a single plaintiff under the FLSA; all other collective actions claims are dismissed.

[3] For purposes of Plaintiff's motion, the Court accepts as true the allegations in the Complaint. *Pension Benefit Guar. Corp. ex rel. St. Vincent v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2nd Cir. 2012).

Defendants Floris and Kostikidis failed to respond to the Complaint. Based on Defendants' failure to answer (Dkt. 6; Dkt. 7), the Clerk of Court entered a certificate of default on December 27, 2016. (Dkt. 11.) On March 24, 2017, Plaintiff moved for default judgment against Defendants. (Dkt. 12.)

**DISCUSSION**

**I.     Legal Standard for Default Judgment**

"A default judgment is ordinarily justified where a defendant fails to respond to the complaint." *S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009) (citing *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks and citation omitted). Rule 55 outlines two steps for entry of judgment against a party that fails to respond or defend: first, the clerk enters the party's default; second, a district court judge enters the default judgment. Fed. R. Civ. P. 55(b). "A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*[,] to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis Pawn Shop*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)).

While "a default judgment deems all the well-pleaded allegations in the pleadings to be admitted," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997), the Court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Mickalis Pawn Shop*, 645 F.3d at 137 (alterations in original) (internal quotation marks omitted) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2016 WL 4179942, at *3 (E.D.N.Y. Aug. 5, 2016).

"An employee seeking to recover unpaid wages 'has the burden of proving that he performed work for which he was not properly compensated.'" *Leon v. Zita Chen*, No. 16-CV-480, 2017 WL 1184149, at *3 (E.D.N.Y. Mar. 29, 2017) (quoting *Jiao v. Chen*, No. 03-CV-165, 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007)). Federal and state laws mandate that employers maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." *Id.* (quoting 29 U.S.C. § 211(c)); *see also* 12 NYCRR § 142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records"). For default judgments concerning the FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-00451, 2016 WL 8376837, at *3 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, No. 16-CV-451, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017) (quoting *Gunawan v. Sushi Sake Rest.*, 897 F. Supp. 2d 76, 83-84 (E.D.N.Y. 2012)).

Once a court establishes liability within a default judgment, the court then calculates damages accordingly. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (noting that courts must conduct inquiries to determine damages rather than rely upon alleged amounts). A court may determine damages in a default judgment from affidavits alone so long as the court can establish a basis for the damages. *Transatlantic*, 109 F.3d at 111.

## II. Defendants Were Properly Served and Failed to Plead or Otherwise Defend

Defendants were properly served. Service is proper if made in accordance with the laws of the state in which the district court is located or where service is made. Fed. R. Civ. P 4(e), 4(h). "An affidavit of service constitutes prima facie evidence of effective service." *Gore v. RBA Grp., Inc.*, No. 03-CV-9442, 2009 WL 884565, at *4 (S.D.N.Y. Mar. 27, 2009) (internal quotation marks and citation omitted).

5

New York Civil Practice and Law Rules ("CPLR") permit service to corporations by service "to any . . . agent authorized by appointment or by law to receive service." *Kelly v. Vesnaver*, No. 16-CV-883, 2017 WL 2389506, at *3 (E.D.N.Y. Apr. 11, 2017), *report and recommendation adopted,* No. 16-CV-883 (DRH)(SIL), 2017 WL 2389602 (E.D.N.Y. June 1, 2017) (internal quotation marks omitted) (quoting N.Y. C.P.L.R. 311(a)(1)). Service on Defendant Floris was satisfied through service on Nancy Dougherty, an agent authorized by law to accept service on Floris's behalf. (Dkt. 6.) An affidavit of service certifies service to Floris. (*Id.*) The Court finds that Floris was properly served.

CPLR permits service to individuals, among other options, by both "affixing the summons to the door of . . . the dwelling or usual place of abode within the state of the person to be served" and, within twenty days of affixing, "mailing the summons by first class mail to the person to be served at his or her actual place of business," so long as the envelope is marked "personal and confidential," without indication of its legal nature. *Conway v. Am. Red Cross*, No. CV 10-1859 SJF ARL, 2010 WL 4722279, at *3 (E.D.N.Y. Nov. 15, 2010) (internal quotations omitted). An affidavit of service certifies service to Kostikidis. (Dkt. 7.) Kostikidis was properly served by the combination of affixing the summons to Kostikidis's last known address and the next day's certified, first class mailing to Kostikidis's place of business. (*Id.*)

### III. Plaintiff's FLSA and NYLL Claims Are Timely and Proper

Plaintiff's FLSA claim is timely and proper. "The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (citing 29 U.S.C. § 255(a)). Employers are considered to have willfully violated the FLSA if they "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by" the FLSA. *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (internal quotation marks and citation omitted). An

employer's violation is not willful if the employer "acts reasonably" or "acts unreasonably, but not recklessly" in "determining its legal obligation." *Porter v. N.Y. Univ. Sch. of Law*, 392 F.3d 530, 531-32 (2d Cir. 2004) (internal quotation marks and citation omitted). Further, on a default judgment, as with other unrebutted assertions, allegations of willful violations of the FLSA are sufficient to establish willfulness. *See Coley*, 2016 WL 4179942, at *6; *Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695, 2015 WL 1529653, at *6 (E.D.N.Y. Mar. 31, 2015) ("Generally, courts have found that a defendant's default establishes willfulness.").

The Court finds that Plaintiff's FLSA claim is timely and proper since the relevant violation began in April 2015, and this case was filed in August 2016. Even though Plaintiff's claim is within the FLSA's normal two-year statute of limitations, Plaintiff provides specific factual allegations supporting Defendants' willfulness. Plaintiff complained multiple times to Defendant Kostikidis that he was not being paid properly. (Dkt. 15 at ¶ 15.) Plaintiff also alleges that Defendants "were aware, or should have been aware" that its employment practices were illegal. (Compl. at ¶ 58.) The Defendants, properly served, did not plead or otherwise defend this action. (Dkt. 11.) The Court finds the Defendants' conduct is willful. As a result, the applicable FLSA statute of limitations in the instant case is three years.

Plaintiff's four NYLL claims are also timely and proper. The statute of limitations for violations of NYLL is six years. *Wicaksono v. XYZ 48 Corp.*, No. 10-CV-3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *report and recommendation adopted*, No. 10-CV-3635, 2011 WL 2038973 (S.D.N.Y. May 24, 2011) (citing NYLL § 663(3)). Because the relevant NYLL violations began in April 2015 and this case was filed in August 2016, the Court finds that Plaintiff's NYLL claims are timely and proper.

**IV.    Defendants Are Liable as Employers Under the FLSA**

A plaintiff in a FLSA case must establish either enterprise or individual coverage. "The FLSA applies only to employees (1) who are personally engaged in interstate commerce or in the production of goods for interstate commerce or (2) who are employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." *Gomez v. El Rancho de Andres Carne de Tres, Inc.*, No. 12-CV-1264, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (citing 29 U.S.C. § 206(a), (b)).

A.  **Defendant Kostikidis Was Plaintiff's Employer**

Construction workers are non-exempt employees under the FLSA. *See Krupinski v. Laborers E. Region Org. Fund*, No. 15-CV-982, 2016 WL 5800473, at *3-5 (S.D.N.Y. Oct. 2, 2016) (citing 29 U.S.C § 213(a)(1); 29 C.F.R. § 541.3(a)). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 35 (E.D.N.Y. 2015) (quoting 29 U.S.C. § 203(d)). An employer-employee relationship exists under FLSA if the employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (internal quotation marks and citation omitted). The test weighs the "totality of the circumstances"; no one factor is dispositive. *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 139 (2d. Cir. 1999).

The Court finds that Defendant Kostikidis was Plaintiff's employer. Plaintiff worked as a construction worker, whose duties included carpentry and painting. (Dkt. 15 at ¶¶ 3, 5.) Defendant Kostikidis (1) had hiring and firing power over Plaintiff, (2) set Plaintiff's work schedule at 48 hours per week, (3) established and authorized disbursement of Plaintiff's wages, and (4) maintained Plaintiff's employment records. (*Id.* at ¶¶ 8-18.) Indeed, Kostikidis was the person who fired Plaintiff after Plaintiff reported the worksite assault incident to the police. (*Id.* at ¶ 28.)

### B. Defendant Floris Was Plaintiff's Employer Through Enterprise Liability

"Enterprise liability under the FLSA extends to entities that: (1) perform related activities 'for a common business purpose'; (2) have 'employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person'; and (3) have an 'annual gross volume of sales made or business done [ ] not less than $500,000.'" *Coley*, 2016 WL 4179942, at *3 (alterations and omission in original) (quoting 29 U.S.C. § 203(r)-(s)). "To establish single employer liability, courts employ a four-factor test, analyzing the extent of: (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* at *5 (citation omitted).

The Court finds that Floris was Plaintiff's employer. Enterprise liability under FLSA extends to Floris because Floris (1) had a "common business purpose" of construction, (2) used materials manufactured outside of New York (Compl. at ¶¶ 35-42; Dkt. 15 at ¶ 6), and (3) had an "annual gross volume of sales made, or business done, of not less than $500[,]000." (*Id.*) Floris was a "single employer" under the statute because of the degree of control and "oversight" that it maintained over Plaintiff and the company's other employees. Floris also controlled payroll and timekeeping practices for all employees, including Plaintiff, indicating common management and financial control. (Dkt. 15 at ¶¶ 16-19.)

### V. Joint and Several Liability of Defendants

Plaintiff seeks to have Defendants Kostikidis and Floris held jointly and severally liable for damages because each Defendant can be considered an "employer" under the FLSA and NYLL. (Dkt. 14 at 12.) Corporate officers with operational control over employees and the corporation itself both fit the definition of "employer" under the FLSA and NYLL. *Khurana v. JMP USA, Inc.*, No. 14-CV-4448, 2017 WL 1251102, at *9 (E.D.N.Y. Apr. 5, 2017). Courts have

held that establishing joint and several liability under the FLSA and NYLL requires no further analysis. *See Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003) (quoting 29 C.F.R. § 791.2(b)) ("'[J]oint employment' arises when the employee 'performs work which simultaneously benefits two or more employers' and 'one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee.'").

Single employer liability applies as to Defendants since (1) Kostikidis was the owner of Floris, (2) Kostikidis had centralized power over a range of labor decisions on Floris's behalf, (3) Defendants both constituted employers under FLSA, and (4) each acted in the other's interest. (Compl. at ¶¶ 35-47; Dkt. 15 at ¶¶ 4, 6-7); *Coley*, 2016 WL 4179942, at *5 (discussing four-factored test for establishing single employer liability, *i.e.*, interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control). The Court holds that Defendants Floris and Kostikidis are jointly and severally liable.

## VI. Defendants' Liability Under the FLSA and NYLL

### A. Defendants Are Liable Under the FLSA and NYLL for Unpaid Overtime Wages

The FLSA requires that covered employees be compensated at an hourly overtime rate of no less than "one and one-half times" the employee's regular rate for every hour worked beyond the first forty. 29 U.S.C. § 207(a). Employers are liable to employees for unpaid overtime wages, along with costs and attorney's fees. *Qiu Hua Tan v. Voyage Express Inc.*, No. 15-CV-6202, 2017 WL 2334969, at *2-4 (E.D.N.Y. May 25, 2017). For default judgments on FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-00451, 2016 WL 8376837, at *3 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, No. 16-CV-451, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks and citation omitted).

NYLL "mirrors the FLSA in compensation provisions regarding . . . overtime" as a "state analogue" to the FLSA. *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) (citing *Chun Jie Yin v. Kim*, No. 07-CV-1236, 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008). District courts in the Second Circuit have "coextensively" interpreted FLSA and NYLL definitions of "employer." *Coley*, 2016 WL 4179942, at *6 (citation omitted). NYLL also uses the "single employer" doctrine for liability. *Id.*

Plaintiff regularly worked 48 hours weekly for Defendants between April 2015 and May 2016. (Dkt. 15 at ¶¶ 3, 12-15.) Defendants paid Plaintiff $800 weekly, which translates into an hourly rate of approximately $16.67, in 2015, and $1,000 weekly, which translates into an hourly rate of approximately $20.83, in 2016. (*Id.*) The Court finds Defendants liable for unpaid additional wages for the eight weekly overtime hours.

### B. Defendants Are Liable Under NYLL for Failure to Provide Hiring Notice

NYLL requires employers to provide employees, at the time of hiring, with notice of their rate of pay and the employer's address and telephone number. N.Y. Lab. Law § 195(1)(a). Defendants failed to supply proper notice at the time Plaintiff was hired or afterward, as required by Section 195(1)(a), for a period exceeding 100 days. (Dkt. 15 at ¶¶ 16-18.) Accordingly, the Court finds Defendants liable for violating NYLL Section 195(1)(a). *See Luna v. Gon Way Constr., Inc.*, No. 16-CV-1411, 2017 WL 835321, at *13 (E.D.N.Y. Feb. 14, 2017) *report and recommendation adopted*, No. 16-CV-1411, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017) (finding defendants liable for a 195(1)(a) violation).

### C. Defendants Are Liable Under NYLL for Failure to Provide Wage Notices

NYLL requires employers to provide employees with wage statements listing information such as pay period, names of employee and employer, employer's address and phone number, and rate and basis for pay. N.Y. Lab. Law § 195(3). Defendants failed to provide Plaintiff with proper

wage notices, as required by Section 195(3), for a period exceeding 20 days. (Dkt. 15 at ¶¶ 16-18.) Accordingly, the Court finds Defendants liable for violating Section 195(3). *See Luna*, 2017 WL 835321, at *13 (finding defendants liable for a 195(3) violation).

### D. Defendants Are Not Liable Under NYLL for Retaliatory Dismissal

#### 1. Defendants' Actions Do Not Meet the Retaliatory Dismissal Standard Under Section 740

In applicable part, NYLL Section 740(2) provides that "[a]n employer shall not take any retaliatory personnel action against an employee because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud." N.Y. Lab. Law § 740(2)(a). New York courts have held that claims under this provision must entail a "substantial and specific danger to the public health or safety," beyond mere violations of law. *See e.g., Barker v. Peconic Landing at Southold, Inc.,* 885 F. Supp. 2d 564, 571 (E.D.N.Y. 2012) (holding that claims of drug use and theft by medical staff presented a public danger). The public danger component "has generally been narrowly construed to apply to the public at large." *Frank v. Walgreens Co.*, No. 09-CV-955, 2011 WL 4465210, at *5 (E.D.N.Y. Sept. 26, 2011) (quoting *Reyes v. Energy Transp. Corp.*, No. 96-CV-3321, 1997 WL 256923, at *4 (S.D.N.Y. May 16, 1997)). Courts have held that allegations of assault and battery by supervisors do not meet the requirements of Section 740. *See Diaz v. N.Y. State Catholic Health Plan*, 18 N.Y.S.3d 866 (N.Y. App. Div. 2015) (concluding that alleged assault and battery by a supervisor did not constitute a violation of law that presented the relevant danger to public health or safety under Section 740). The statute of limitations for a Section 740 claim is one year from the alleged retaliatory action. N.Y. Lab. Law § 740(4).

Plaintiff alleges that his termination after reporting an on-site battery violated Section 740(2), and that Defendants' negligent hiring, supervision, and retention of the employee who allegedly assaulted Plaintiff were violations of law that posed a "substantial and specific danger to the public health or safety." (Compl. at ¶ 33.) However, this single alleged incident of battery by an employee who was hired, supervised, and retained by Defendants does not rise to the level of "substantial and specific danger to the public health or safety." *See Tucker v. New York City*, No. 05-CV-2804, 2007 WL 3051870, at *3 (S.D.N.Y. Oct. 17, 2007) ("New York courts have consistently and strictly enforced this explicit limitation to the scope of Section 740"). Accordingly, the Court does not find Defendant liable for a Section 740(2) violation.

2. **Plaintiff Has Not Shown Eligibility for NYLL Section 215 Relief**

Section 215 of NYLL prohibits employers from discharging an employee due to that employee making a complaint to the employer or other authorities. N.Y. Lab. Law § 215(1)(a). An employee "need not cite a specific chapter or provision [of NYLL] that is being violated, but must make a complaint of activity that he reasonably believes constitutes a violation . . . ." *Flick v. Am. Fin. Res., Inc.*, 907 F. Supp. 2d 274, 279 (E.D.N.Y. 2012) (citing N.Y. Labor L. § 215(1)(a)). Yet Section 215 requires that Plaintiff serve notice of the suit upon the state attorney general "at or before the commencement of any action under th[e] section." *Polit v. Glob. Foods Int'l Corp.*, No. 14-CV-07360, 2017 WL 1373907, at *7 (S.D.N.Y. Apr. 13, 2017) (citing N.Y. Lab. Law § 215(2)(b)).

Plaintiff requests damages under NYLL Section 215, (Dkt. 14 at 15), but has not alleged that he provided the required notice to the New York Attorney General. Accordingly, the Court cannot find liability against Defendants under Section 215. *See Polit*, 2017 WL 1373907, at *7 ("Absent [evidence that the State Attorney General was served with notice of the suit], [plaintiff's]

request for an award of damages for unlawful retaliation in violation of Section 215 is denied without prejudice.").

## VII. Damages

### A. NYLL Damages

#### 1. Unpaid Overtime

"For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week." *Chowdhury v. Hamza Exp. Food Corp.*, No. 14-CV-150, 2015 WL 5541767, at *5 (E.D.N.Y. Aug. 21, 2015), *report and recommendation adopted*, No. 14-CV-150, 2015 WL 5559873 (E.D.N.Y. Sept. 18, 2015). "Although plaintiffs are entitled to recover unpaid . . . overtime pay under both the FLSA and the Labor [L]aw, they may not recover twice." *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-CV-3725, 2010 WL 4159391 at *3 (S.D.N.Y. Sept. 30, 2010). Plaintiffs should recover the higher award between the FLSA and NYLL. *Kernes v. Glob. Structures, LLC*, No. 15-CV-00659, 2016 WL 880199, at *9 (S.D.N.Y. Mar. 1, 2016).

Plaintiff regularly worked 48 hours weekly for Defendants between April 2015 and May 2016. (Dkt. 15 at ¶ 12-15.) As previously discussed, Defendants paid Plaintiff $800 weekly, which translates into an hourly rate of approximately $16.67, in 2015, and $1,000 weekly, which translates into an hourly rate of approximately $20.83, in 2016. (*Id.*) Defendants are liable for the unpaid additional wages for the eight weekly overtime hours, the difference between the regular hourly wage and one and one-half times that wage. For the thirty-nine weeks of 2015 employment, the overtime hourly wage should have been $25.01, and the difference between that and the paid hourly wage is $8.34. For the twenty-one weeks of 2016 employment, the overtime hourly wage should have been $31.25, and the difference between that and the paid hourly wage is $10.42. The

Court finds Defendants liable to Plaintiff for $4,352.64, including $2,602.08 for 2015 and $1,750.56 for 2016.

### 2. Lack of Hiring Notice under NYLL Section 195(1)(a)

During the period of employment in question, Plaintiff was entitled to recover $50 for each workday he did not receive a proper hiring notice (that included Plaintiff's rate of pay and employer information) after the first ten days of employment, up to $5,000, under NYLL Section 195(1)(a). *Qiu Hua Tan.*, 2017 WL 2334969, at *7; N.Y. Lab. Law §§ 195(1)(a), 198(1-b). Defendants did not supply proper notice at the time of hiring or afterward, as required by Section 195(1)(a), for a period exceeding 100 days. (Dkt. 15 at ¶¶ 16-18.) The Court therefore finds Defendants liable for the maximum award of $5,000.

### 3. Lack of Wage Notices under NYLL Section 198

Plaintiff may recover multiple, maximum allowable awards for violations under NYLL Section 198. *See Luna*, 2017 WL 835321, at *13 (awarding maximum allowable damages through Section 198 for violations of both Sections 195(1) and 195(3)). Employees are entitled to recover $250 for each workday they are not provided with proper notice regarding rates of pay and employer information or continue, up to $5,000. *Qiu Hua Tan*, 2017 WL 2334969, at *7; N.Y. Lab. Law §§ 195(3), 198(1-d). Defendants failed to provide proper wage notices, as required by Section 195(3), for a period exceeding 20 days. (Dkt. 15 at ¶¶ 16-18.) The Court therefore finds Defendants liable for the maximum award of $5,000.

### 4. FLSA Damages

Because Plaintiff's claims fall within the relevant statute of limitations periods applicable in this case under both the FLSA and NYLL, the NYLL award for unpaid overtime is the same as the award that would be due under the FLSA. Yet, unlike recovery under the FLSA, recovery

under NYLL entails prejudgment interest. The Court, therefore, makes no additional award under the FLSA.

### 5. Liquidated Damages Under the FLSA and NYLL

The FLSA and NYLL both allow for liquidated damages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Liquidated damages under the FLSA are "generally required" to be awarded in an amount equal to the actual damages. *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). Employers may only avoid liquidated damages under the FLSA by showing that the FLSA breach was done in good faith, with reasonable grounds for believing that the action was not in violation of the FLSA. *Sines v. Serv. Corp. Int'l*, No. 03-CV-5465, 2006 WL 3247663, at *4 (S.D.N.Y. Nov. 8, 2006) (citing 29 U.S.C. § 260.). Similarly, NYLL requires liquidated damages absent a showing of good faith. *Luna*, 2017 WL 835321, at *14 (citing N.Y. Lab. Law §§ 198(1-a), 663(1)). Employees are not entitled to liquidated damages under both the FLSA and NYLL. *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60-61 (2d Cir. 2016). "Courts should award damages under the statute that provides for the greater recovery." *Zita Chen*, 2017 WL 1184149, at *9 (citation omitted).

Plaintiff has established in his Complaint and affidavits (Dkt. 15 at ¶ 15) that Defendant acted willfully. Since Defendants have not made a showing of good faith under the FLSA or NYLL, Plaintiff is entitled to liquidated damages in an amount equal to his actual damages. The Court finds Defendants liable for $4,352.64 in liquidated damages under NYLL.

### 6. Prejudgment Interest under NYLL

New York law permits prejudgment interest, even when liquidated damages are also awarded. *Mejia v. E. Manor USA, Inc.*, No. 10-CV-4313, 2013 WL 3023505, at *8 n.11 (E.D.N.Y. Apr. 19, 2013), *report and recommendation adopted*, No. 10-CV-4313, 2013 WL 2152176 (E.D.N.Y. May 17, 2013). Prejudgment interest is calculated on the unpaid wages, excluding

liquidated damages. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015). Courts normally apply statutory interest of nine percent per annum for prejudgment interest. *Id.* Courts have "wide discretion in determining a reasonable date from which to award [prejudgment] interest." *Id.* at 49 (internal quotation marks and citation omitted). Courts may calculate prejudgment interest from either the "earliest ascertainable date" for the cause of action or from "a single reasonable intermediate date" when "damages were incurred at various times." *Id.* at 48 (quoting N.Y. C.P.L.R. § 5001(b)).

From the day that Plaintiff was hired by Defendants in April 2015 to the day he was fired in May 2016, he was never paid overtime wages. (Compl. at ¶ 13.) Since Plaintiff's employment was consistent during this time and he was never paid overtime, the Court will allow the interest to be calculated from the "earliest ascertainable date the cause of action existed." *See* C.P.L.R. § 5001(b). In this case, that would be April 1, 2015. The Court orders the Clerk of Court to award prejudgment interest calculated at a rate of nine percent per annum over the period between April 1, 2015, and the date of this order. N.Y. C.P.L.R. § 5004.

### 7. Attorney's Fees and Costs

Plaintiff may file a claim for costs and attorney's fees within fourteen (14) days of this Order. Fed. R. Civ. P. 54(d); *see* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment against Defendants is granted in the amount of $10,000 for violations of NYLL §§ 195(1) and 195(3); $4,352.64 for unpaid overtime under NYLL, and $4,352.64 for liquidated damages under NYLL. The damages total is $18,705.28, along with prejudgment interest, starting from April 1, 2015, which will be determined by the Clerk of Court. Plaintiff may file a claim for costs and attorney's fees within fourteen (14) days of this Order.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 20, 2017
       Brooklyn, New York